UNITED STATES of America

v.

Lonzie JOHNSON.

Crim. No. 23231.

United States District Court
E. D. Pennsylvania.

Dec. 23, 1968.

Sara Duffy, Philadelphia, Pa., for defendant.

John R. Galloway, Ass't. U. S. Atty., Philadelphia, Pa., for plaintiff.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

The defendant, Lonzie Johnson, has been charged in a three-count indictment filed April 22, 1968, with the robbery of the Central Penn National Bank, in Philadelphia, Pennsylvania, on or about January 5, 1968, in violation of Title 18 U.S.C. §§ 2113(a), 2113(b), and 2113(d).

He was first notified of these charges on May 20, 1968, while he was confined at the United States Penitentiary in Lewisburg, Pennsylvania, serving an eleven year sentence imposed upon him as a result of his participation in another bank robbery committed on January 8, 1968. On May 28, 1968, Judge E. Mac Troutman of this District Court appointed defense counsel to represent the defendant.

On August 6, 1968, the defendant and his counsel appeared before this Court for purposes of his arraignment. At that time defense counsel informed the Court of her intention to file a motion to dismiss the indictment because of the Government's failure to conduct a preliminary examination in this case pursuant to Rule 5 of the Federal Rules of Criminal Procedure. The defendant's arraignment was continued and counsel for the defendant was directed to file a brief in support of this motion. Although counsel for the defendant has never filed a formal motion to dismiss the indictment, both counsel have briefed the question of the defendant's right to a preliminary hearing, and accordingly, the Court will consider the defendant's position as though his counsel actually had filed a motion to dismiss. For reasons discussed below the defendant's motion is denied.

In substance Rule 5 of the Federal Rules of Civil Procedure provides that any person arrested and charged with "offenses against the laws of the United States" shall be taken "without unnecessary delay before the nearest available commissioner" for the purpose of determining whether "there is probable cause to believe that an offense has been committed and that the defendant has committed it * * *", Rule 5(a) and (c). Although recently there have been several decisions, principally in the Circuit Court of Appeals for the District of Columbia, which have suggested that a major purpose of the pre-

liminary hearing conducted under Rule 5(c) is to afford the defendant an opportunity for pre-trial discovery, See, e. g. Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557 (1967), the great weight of authority dealing with the question, including the most recent pronouncements of the Court of Appeals for the Third Circuit, has held that the only purpose of the preliminary hearing is to determine whether there is probable cause to believe that a defendant has committed a federal offense and thus probable cause to hold him for action of the grand jury. See, Jaben v. United States, 381 U.S. 214, 220, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965), Rivera v. Government of Virgin Islands, 375 F.2d 988, 990 (C.A. 3, 1967), Sciortino v. Zampano, 385 F.2d 132, 133 (C.A. 2, 1967), cert. den. in 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872. Thus it has been held consistently that once an indictment has been returned there is no longer a need for a preliminary examination and the defendant is not entitled to have the indictment dismissed because he did not have a preliminary examination. See, e.g. United States v. Amabile, 395 F.2d 47, 53–54 (C.A. 7, 1968), United States v. Cowan, 396 F.2d 83, 88 (C.A. 2, 1968), and United States v. Dentice, 282 F.Supp. 66, 67–68 (E.D. Wisc., 1968).

In his brief, the defendant has also contended that, although the law provides that the bringing of an indictment forecloses a federal statutory or constitutional right to a preliminary examination, the operation of the law in his case deprived him of equal protection of the law because he was deprived of the opportunity to have a preliminary examination merely because he already was in custody during the time when he might have had one. He argues that the Government's method of proceeding with this case has in effect imposed upon him an additional penalty for his former conviction.

■ If the preliminary examination was intended to afford a defendant the opportunity for pre-trial discovery the defendant could more convincingly argue that denial of his right to an examination merely because he was in jail on another offense, violated his rights to equal protection of the law. As noted above, however, the great majority of courts dealing with the question have emphasized that the sole purpose of the preliminary examination is to determine whether there is probable cause to detain a person for action by the grand jury. The right of any person to be at liberty until probable cause that he has committed an offense has been established did not exist for this defendant at the time when he might have had a preliminary examination, because at that time he already was in jail. Accordingly, this Court can not conclude that the Government's failure to conduct a preliminary examination in this case constituted a violation of the equal protection of the law.

■ Defense counsel has advanced two other claims: (1) the indictment is invalid because the defendant did not have an opportunity to challenge the array of the grand jury; and (2), the indictment is invalid because it does not give the defendant sufficient notice of the charge against him. Although Rule 6(b) (1) does provide that defense counsel "may challenge the array of jurors on the ground that the grand jury was not selected, drawn or summoned in accordance with law  * * * ",  the mere lack of opportunity to be present at the time when the jury is selected in and of itself can not constitute a basis for dismissing an indictment. See generally, Moore, Federal Practice, Volume 8, ¶ 6.03 [1], pp. 6–12.

■■ As to defendant's claim that the indictment does not give him sufficient notice of the charges against him, the indictment itself compels the opposite conclusion. Indeed the indictment, with one exception, conforms precisely with the provisions of Rule 7(c) of the Federal Rules of Criminal Procedure establishing that it should be " * * * a plain, concise and definite written state-

ment of the essential facts constituting the offense charged." It is clear, however, that the indictment should more precisely specify the time at which the robbery took place, See, generally, United States v. Smith, 16 F.R.D. 372, 375 (W.D.Mo., 1954), and the Government will be directed to amend the indictment for this purpose. The other information which the defendant contends should have been contained in the indictment, i. e. the name of the defendant's accusers, and the method · by which the defendant was identified as a participant in the robbery, is more properly the object of pre-trial discovery pursuant to Rule 16 of the Federal Rules of Criminal Procedure.

For the reasons discussed above it is hereby ordered that the defendant's motion to dismiss the indictment is denied.

It is further Ordered that the Government is directed to file an amended indictment, within twenty (20) days, specifying the time at which the robbery took place.