**UNITED STATES of America ex rel. Charles James WILLIAMS**

**v.**

**Charles S. GUY, Edmund Lyons.**

**Civ. A. No. 69–558.**

United States District Court, E. D. Pennsylvania.

Jan. 5, 1970.

Charles James Williams, in pro. per. No appearance for respondents.

## MEMORANDUM AND ORDER

JOHN MORGAN DAVIS, District Judge.

In this petition for Writ of Habeas Corpus relator contends that since he has not had a preliminary hearing before a U. S. Commissioner, he is being unlawfully detained.

The petition discloses that after being arrested by an agent of the Federal Bureau of Investigation for bank robbery, relator on September 9, 1968, was taken before a United States Commissioner. The Commissioner continued the hearing until September 15, 1969 pending the appointment of counsel and fixed bail at $50,000, which bail relator was unable to meet.

On September 11, 1969 the Grand Jury indicted the relator for bank robbery. On September 15, 1969, when relator appeared with counsel before the United States Commissioner, he was advised that there would be no preliminary hearing because relator had been indicted.

The issue raised by the relator is whether a person who has been indicted by the Grand Jury is entitled to the Preliminary Examination provided for by Rule 5(c) of the Federal Rules of Criminal Procedure.

It is well settled in this jurisdiction that the return of an indictment, which establishes probable cause, eliminates the need for a preliminary examination.

In United States v. Johnson, 294 F.Supp. 190 (E.D.Pa. 1968) the court said:

* *. * the great weight of authority dealing with the question, including the most recent pronouncements of the Court of Appeals for the Third Circuit, has held that the only purpose of the preliminary hearing is to determine whether there is probable cause to believe that a defendant has committed a federal offense and thus probable cause to hold him for action of the grand jury. See, Jaben v. United States, 381 U.S. 214, 220, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965). Rivera v. Government of Virgin Islands, 375 F.2d 988, 990 (C.A. 3, 1967), Sciortino v. Zampano, 385 F.2d 132, 133 (C.A. 2, 1967), cert. den. in 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872. Thus it has been held consistently that once an indictment has been returned there is no longer a need for a preliminary examination * * *.

In *Jaben*, supra, the Supreme Court said: "[W]e think that the Government must proceed through the further steps of the complaint procedure by affording the defendant a preliminary hearing as required by Rule 5, unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment."

In the *Rivera* case, supra, the Court of Appeals for the Third Circuit stated:

" * * * the grand jury is free to return an indictment against a person accused of crime before he has had a preliminary hearing, or even before he has been arrested, in which case there is no right to or need for a preliminary hearing * * * since a person accused of crime by indictment is not entitled to a hearing in advance of trial. * * *"

Finally, in *Sciortino*, supra, it was pointed out that "A post-indictment preliminary examination would be an empty ritual, as the government's burden of showing probable cause would be met merely by offering the indictment. Even if the Commissioner disagreed

with the grand jury, he could not undermine the authority of its finding."

Based on the above, relator's petition for a Writ of Habeas Corpus must be denied.