JABEN *v.* UNITED STATES.

No. 347.  Argued March 9, 1965.—
Decided May 17, 1965.

*Morris A. Shenker* argued the cause for petitioner. With him on the briefs were *Bernard J. Mellman* and *Emanuel Shapiro.*

*Nathan Lewin* argued the cause for the United States. On the brief were *Solicitor General Cox, Assistant Attorney General Oberdorfer, Bruce J. Terris, Joseph M. Howard* and *Norman Sepenuk.*

Mr. Justice Harlan delivered the opinion of the Court.

The statute of limitations on the felony of willfully attempting to evade federal income taxes requires the Government to obtain an indictment for that offense within six years of the date of its commission, with the proviso:

> ". . . Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the

date which is 9 months after the date of the making of the complaint before the commissioner of the United States. . . ." Internal Revenue Code of 1954, § 6531.

On April 15, 1963, the day before the six-year period was to expire, the Government filed a complaint against petitioner Jaben charging him with willfully filing a false return for the year 1956. The Commissioner determined that the complaint showed probable cause for believing that Jaben had committed the offense, and, at the Government's request, issued a summons ordering Jaben to appear at a preliminary hearing on May 15, 1963. On May 11, 1963, the preliminary hearing on the complaint was continued to May 22, 1963, at the request of the United States Attorney, and without objection by petitioner. The preliminary hearing was never held since, on May 17, 1963, the grand jury superseded the complaint procedure by returning an indictment against Jaben, one count of which covered the 1956 attempted evasion which the complaint had charged. The indictment was not returned within the normal six-year limitation period, but if the complaint filed with the Commissioner was valid for the purpose of bringing the nine-month extension into play, then the indictment was timely. Jaben moved to dismiss the count of the indictment pertaining to 1956, arguing that the complaint was insufficient because it did not show probable cause for believing that he had committed the offense. Both the trial court and the Court of Appeals for the Eighth Circuit rejected this claim, 333 F. 2d 535. We granted certiorari, 379 U. S. 878, to resolve a conflict with *United States* v. *Greenberg,* 320 F. 2d 467, decided by the Ninth Circuit, in which an identical claim, based on a virtually identical complaint, was accepted. For reasons that follow we agree with the Eighth Circuit and affirm its judgment.

## I.

Under the Government's interpretation of § 6531, probable cause is not relevant to the complaint's ability to initiate the extension of the limitation period. Section 6531 provides that the nine-month extension is brought into play "[w]here a complaint is instituted before a commissioner of the United States" within the six-year period of limitations (*supra,* pp. 215–216). Rule 3 of the Federal Rules of Criminal Procedure defines a complaint as

". . . a written statement of the essential facts constituting the offense charged. It shall be made upon oath before a commissioner or other officer empowered to commit persons charged with offenses against the United States."

Since the Government's complaint stated the essential facts constituting the offense of attempted tax evasion and was made upon oath before a Commissioner, the Government contends that regardless of the complaint's adequacy for any other purposes, it was valid for the purpose of triggering the nine-month extension of the limitation period whether or not it showed probable cause. The Government would, thus, totally ignore the further steps in the complaint procedure required by Rules 4 and 5.[1] Indeed

---

[1] Rule 4 (a) provides:

"If it appears from the complaint that there is probable cause to believe that an offense has been committed and that the defendant has committed it, a warrant for the arrest of the defendant shall issue to any officer authorized by law to execute it. Upon the request of the attorney for the government a summons instead of a warrant shall issue. . . . If a defendant fails to appear in response to the summons, a warrant shall issue."

Rule 5 (c) provides:

". . . If the defendant waives preliminary examination, the commissioner shall forthwith hold him to answer in the district court. If the defendant does not waive examination, the commissioner shall

it follows from its position that once having filed a com-
plaint, the Government need not further pursue the com-
plaint procedure at all, and, in the event that the defend-
ant pressed for a preliminary hearing and obtained a
dismissal of the complaint, that the Government could
nonetheless rely upon the complaint as having extended
the limitation period.

We do not accept the Government's interpretation.
Its effort to look solely to Rule 3 and ignore the require-
ments of the Rules that follow would deprive the insti-
tution of the complaint before the Commissioner of any
independent meaning which might rationally have led
Congress to fasten upon it as the method for initiating
the nine-month extension. The Commissioner's function,
on that view, would be merely to rubber-stamp the com-
plaint. The Government seeks to give his role impor-
tance in its version of § 6531 by pointing out that he
would administer the oath, receive the complaint, and
make sure that it stated facts constituting the offense (a
requirement which would be met by a charge in the words
of the statute); but surely these matters are essentially
formalities. The argument ignores the fact that the
Commissioner's basic functions under the Rules are to
make the judgment that probable cause exists and to warn
defendants of their rights. Furthermore, if we do not
look beyond Rule 3, there is no provision for notifying
the defendant that he has been charged and the period
of limitations extended. (Indeed, it is not until we reach
Rule 4 that we find a requirement that the complaint

---

hear the evidence within a reasonable time. The defendant may
cross-examine witnesses against him and may introduce evidence in
his own behalf. If from the evidence it appears to the commissioner
that there is probable cause to believe that an offense has been com-
mitted and that the defendant has committed it, the commissioner
shall forthwith hold him to answer in the district court; otherwise the
commissioner shall discharge him. . . ."

must show who it was that committed the offense.) Notice to a criminal defendant is usually achieved by service upon him of the summons or arrest warrant provided for in Rule 4. Neither is appropriate absent a judgment by the Commissioner that the complaint shows probable cause, and no other form of notice is specified by the Rules.

More basically, the evident statutory purpose of the nine-month extension provision is to afford the Government an opportunity to indict criminal tax offenders in the event that a grand jury is not in session at the end of the normal limitation period. This is confirmed by the immediate precursor of the present section which provided for an extension "until the discharge of the grand jury at its next session within the district." I. R. C. 1939, § 3748 (a).[2] Clearly the statute was not meant to grant the Government greater time in which to make its case (a result which could have been accomplished simply by making the normal period of limitation six years and nine months), but rather was intended to deal with the situa-

---

[2] This provision was introduced into the tax laws in 1884 by way of an amendment to a bill providing for a limitation period. In proposing the amendment on the floor of the Senate, Senator Hoar stated:

"As has already been said, this limitation which purports to be a limitation of two years is in point of fact in many districts but a limitation of one year, because the indictment must be found by a grand jury within two years within the commission of the offense. If the offense be concealed, or if it be discovered a year before the grand jury meet, it would be too late to make the prosecution. I move this amendment:

" 'Provided, That where a complaint shall be instituted before a commissioner of the United States within the period above limited, the period shall be extended until the discharge of the grand jury at its next session within the district.'

"I think there will be no objection to that." 15 Cong. Rec. 5771. The time for which the period was extended was changed to nine months in 1954.

tion in which the Government has its case made within the normal limitation period but cannot obtain an indictment because of the grand jury schedule. The Government's interpretation does not reflect this statutory intention, for it provides no safeguard whatever to prevent the Government from filing a complaint at a time when it does not have its case made, and then using the nine-month period to make it.

The better view of § 6531 is that the complaint, to initiate the time extension, must be adequate to begin effectively the criminal process prescribed by the Federal Criminal Rules. It must be sufficient to justify the next steps in the process—those of notifying the defendant and bringing him before the Commissioner for a preliminary hearing. To do so the complaint must satisfy the probable cause requirement of Rule 4. Furthermore, we think that the Government must proceed through the further steps of the complaint procedure by affording the defendant a preliminary hearing as required by Rule 5, unless before the preliminary hearing is held, the grand jury supersedes the complaint procedure by returning an indictment. This interpretation of the statute reflects its purpose by insuring that within a reasonable time following the filing of the complaint, either the Commissioner will decide whether there is sufficient cause to bind the defendant over for grand jury action, or the grand jury itself will have decided whether or not to indict. A dismissal of the complaint before the indictment is returned would vitiate the time extension.

In this case the Government obtained a superseding indictment before any preliminary hearing took place. Under the interpretation which we have adopted it follows that if the complaint satisfied the requirements of Rules 3 and 4, in particular the probable cause standard of Rule 4, then the nine-month extension had come into

play and had not been cut off by any later dismissal of the complaint.[3] We turn then to the question whether the complaint showed probable cause.

## II.

The *Jaben* complaint read as follows:

"The undersigned complainant, being duly sworn, states:

"That he is a Special Agent of the Internal Revenue Service and, in the performance of the duties imposed on him by law, he has conducted an investigation of the Federal income tax liability of Max Jaben for the calendar year 1956, by examining the said taxpayer's tax return for the year 1956 and other years; by identifying and interviewing third parties with whom the said taxpayer did business; by consulting public and private records reflecting the said taxpayer's income; and by interviewing third

---

[3] A dissenting opinion accepts our interpretation of the statute, but, likening petitioner's position to one who is incarcerated awaiting a preliminary hearing, argues that petitioner was not scheduled to have a preliminary hearing within the "reasonable time" required by Rule 5 (c). We reject this view of the case. (1) Although the statute should be interpreted to reflect its intent, it greatly overplays that intent to invest the procedure required to effectuate it with the same sense of urgency which might be thought to attend a preliminary hearing for an incarcerated prisoner. (2) A defendant can fully protect himself from unreasonable delay by moving for advancement of the preliminary hearing date and by objecting to any postponements. Petitioner made no such motion or objection, and at no point in the trial or appellate review of this case has he objected to the scheduling of the preliminary hearing.

*Mallory* v. *United States,* 354 U. S. 449, did not deal with preliminary hearings under Rule 5 (c), but with the requirement of Rule 5 (a) that a person who is arrested must be taken "without unnecessary delay before the nearest available commissioner" so that he can be apprised of his rights.

persons having knowledge of the said taxpayer's financial condition.

"That based on the aforesaid investigation, the complainant has personal knowledge that on or about the 16th day of April, 1957, at Kansas City, Missouri, in the Western District of Missouri, Max Jaben did unlawfully and wilfully attempt to evade and defeat the income taxes due and owing by him to the United States of America for the calendar year 1956, by filing and causing to be filed with the District Director of Internal Revenue for the District of Kansas City, Missouri, at Kansas City, Missouri, a false and fraudulent income tax return, wherein he stated that his taxable income for the calendar year 1956 was $17,665.31, and that the amount of tax due and owing thereon was the sum of $6,017.32, when in fact his taxable income for the said calendar year was the sum of $40,001.76 upon which said taxable income he owed to the United States of America an income tax of $14,562.99.

"[Signed]    David A. Thompson
                   "Special Agent
                     "Internal Revenue Service
                     "Kansas City, Missouri."

Petitioner argues that the complaint is basically indistinguishable from that which the Court found wanting in *Giordenello* v. *United States,* 357 U. S. 480. The *Giordenello* complaint read in relevant part:

"The undersigned complainant being duly sworn states: That on or about January 26, 1956, at Houston, Texas in the Southern District of Texas, Veto Giordenello did receive, conceal, etc., narcotic drugs, to-wit: heroin hydrochloride with knowledge of unlawful importation; in violation of Section 174, Title 21, United States Code.

"And the complainant further states that he believes that ————————— ————————[4] are material witnesses in relation to this charge."

The complaints there and here are materially distinguishable. Information in a complaint alleging the commission of a crime falls into two categories: (1) that information which, if true, would directly indicate commission of the crime charged, and (2) that which relates to the source of the directly incriminating information. The *Giordenello* complaint gave no source information whatsoever. Its directly incriminating information consisted merely of an allegation in the words of the statute, and even then incomplete, supplemented by "on or about January 26, 1956, at Houston." If the *Jaben* complaint were as barren, it would have stated simply that "on or about April 16, 1957, at Kansas City, Missouri, Jaben willfully filed a false income tax return." In fact, it gave dollars-and-cents figures for the amounts which allegedly should have been returned and the amounts actually returned. As to sources, the affiant indicated that he, in his official capacity, had personally conducted an investigation in the course of which he had examined the taxpayer's returns for 1956 and other years, interviewed third persons with whom the taxpayer did business and others having knowledge of his financial condition, and consulted public and private records reflecting the taxpayer's income; and that the conclusion that Jaben had committed the offense was based upon this investigation.

Beyond the substance of the complaint there is a material distinction in the nature of the offense charged. Some offenses are subject to putative establishment by blunt and concise factual allegations, *e. g.*, "*A* saw narcotics in *B*'s possession," whereas "*A* saw *B* file a false tax return" does not mean very much in a tax evasion case.

---

[4] So in original.

Establishment of grounds for belief that the offense of tax evasion has been committed often requires a reconstruction of the taxpayer's income from many individually unrevealing facts which are not susceptible of a concise statement in a complaint. Furthermore, unlike narcotics informants, for example, whose credibility may often be suspect, the sources in this tax evasion case are much less likely to produce false or untrustworthy information. Thus, whereas some supporting information concerning the credibility of informants in narcotics cases or other common garden varieties of crime may be required, such information is not so necessary in the context of the case before us.

*Giordenello* v. *United States, supra,* and *Aguilar* v. *Texas,* 378 U. S. 108, established that a magistrate is intended to make a neutral judgment that resort to further criminal process is justified. A complaint must provide a foundation for that judgment. It must provide the affiant's answer to the magistrate's hypothetical question, "What makes you think that the defendant committed the offense charged?" This does not reflect a requirement that the Commissioner ignore the credibility of the complaining witness. There is a difference between disbelieving the affiant and requiring him to indicate some basis for his allegations. Obviously any reliance upon factual allegations necessarily entails some degree of reliance upon the credibility of the source. See, *e. g., Johnson* v. *United States,* 333 U. S. 10, 13. Nor does it indicate that each factual allegation which the affiant puts forth must be independently documented, or that each and every fact which contributed to his conclusions be spelled out in the complaint. Compare *United States* v. *Ventresca,* 380 U. S. 102. It simply requires that enough information be presented to the Commissioner to enable him to make the judgment that the charges are not

capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.

In this instance the issue of probable cause comes down to the adequacy of the basis given for the allegation that petitioner's income was $40,001.76 instead of the $17,665.31 he had reported. This is not the type of fact that can be physically observed. The amount of petitioner's income could only be determined by examining records and interviewing third persons familiar with petitioner's financial condition. Compare *Holland* v. *United States*, 348 U. S. 121. Here the affiant, a Special Agent of the Internal Revenue Service, swore that he had conducted just such an investigation and thereafter swore that he had personal knowledge as to petitioner's actual income. In such circumstances, the magistrate would be justified in accepting the agent's judgment of what he "saw" without requiring him to bring the records and persons to court, to list and total the items of unreported income or to otherwise explain how petitioner's actual income was calculated.

We conclude that the challenged count of this indictment is not time-barred.

*Affirmed.*

MR. JUSTICE WHITE, with whom MR. JUSTICE BLACK joins, concurring in the judgment.

The Court rejects the contention of the Government that the filing of a complaint fulfilling the requirements of Rule 3 suffices to trigger the provisions of § 6531 extending the period of limitations. The Court holds that the complaint must also satisfy the probable-cause requirement of Rule 4 and that the Government must proceed with the preliminary hearing under Rule 5. Section 6531 provides that "[w]here a complaint is instituted" the time shall be extended. Assuming that the "complaint"

specified in this provision is one satisfying Rule 4 as well as Rule 3, the statute affords no basis whatever for the Court's holding that the Government must proceed with the preliminary hearing and that "dismissal of the complaint before the indictment is returned would vitiate the time extension," *ante,* at 220, even though an indictment were obtained thereafter within the nine-month period. The statute is unequivocal that the period is extended when the complaint is instituted and, in my view, requires nothing further of the Government.

Because I agree with the Court that the complaint supplied an adequate foundation for the Commissioner's determination that probable cause existed, I deem it unnecessary to consider whether § 6531 contemplates a complaint establishing probable cause or merely compliance with Rule 3.

Mr. Justice Goldberg, with whom The Chief Justice and Mr. Justice Douglas join, concurring in part and dissenting in part.

## I.

I agree with the Court that the purpose of the tolling provision in the statute of limitations before us, as evidenced by its language and its legislative history, is to avoid penalizing the Government when a criminal defendant cannot be indicted merely because no grand jury is sitting at the time the limitation period expires. In keeping with this purpose, the Government ought to be allowed to present a case prepared before the expiration of the limitation period to the grand jury when it next convenes, but it ought not to be allowed to take advantage of a nine-month extension to prepare a case which was not ready for submission before the end of the statutory period. I believe that the Court, therefore, is quite correct in rejecting the Government's argument that the

filing of any complaint which meets the formal requirements of Rule 3 of the Federal Rules of Criminal Procedure is sufficient to toll the statute of limitations. The Government's argument would, in effect, allow it an additional nine months in every case. Rather, the view that I would accept as correct is that the only complaint that tolls the statute is one that begins effectively the criminal process prescribed by the Federal Rules.

I further agree with the Court that a complaint has effectively begun the criminal process only when all of the pre-indictment steps detailed in Rules 3, 4, and 5 have been taken. Only when it has been determined in the preliminary hearing required by Rule 5 that probable cause exists "to believe that an offense has been committed and that the defendant has committed it" can we say with any assurance that the complaint was not filed merely to extend the limitation period, but that it was a complaint which does what a complaint normally does, namely, starts the criminal procedure in motion. A speedy determination by a disinterested magistrate—the United States Commissioner—that probable cause exists also provides assurance that the Government in fact had a case ready for presentation to the grand jury before the limitation period expired. Thus I join the Court's opinion insofar as it holds that only those complaints toll the statute of limitations which also start the criminal machinery in motion by leading to a preliminary hearing in compliance with Rules 3, 4, and 5.

## II.

The facts of this case lead me to conclude, however, that the procedure outlined in Rule 5 was not followed, for a preliminary hearing was not scheduled within a reasonable time as the Rule requires. A person who is arrested must be taken before a Commissioner immediately and informed

of his rights, and a preliminary examination to determine whether probable cause exists to believe that an offense has been committed and that he committed it must be held at that time or promptly thereafter. See *Mallory* v. *United States*, 354 U. S. 449, 454. This preliminary examination must be held promptly because it normally determines whether holding a defendant in custody pending action by the grand jury is warranted. Even when a defendant is not actually in custody but is free on bond a speedy hearing is still necessary, for he should not be required to maintain bond unless it has been determined by a disinterested Commissioner that probable cause exists. While normally when a summons is issued, rather than an arrest warrant, the period of time within which a preliminary examination must be held may be longer than when a defendant has been arrested, for he is not in custody nor need he post bond, in the special circumstances present here involving a statutory period of repose, it is important that the preliminary hearing be held with expedition similar to that necessary when the defendant is in custody or free on bond. A prompt preliminary hearing in this type of case serves as a check to prevent the Government from beginning a prosecution when a case is not ready for submission to the grand jury before the limitation period expires. I should think that, in view of this purpose, it would be sound practice, consistent with the statutory policy of repose, to hold the preliminary hearing and secure a magistrate's determination of probable cause before the statutory period expires. Only then can it be certain that the Government has evidence showing probable cause at hand before the end of the limitation period. And, in an exceptional case, such as the one before us, where the complaint is filed so late that the hearing cannot be held within the limitation period, surely, in order to serve the statutory purpose, the hearing must be held with the same promptness as when

a defendant is in custody or on bond, even though a summons, rather than an arrest warrant, was issued.

In this case the complaint was filed the day before the limitation period expired. In accordance with the Government's wishes, the summons was made returnable 30 days later, and, at the Government's subsequent request, the hearing date was postponed an additional week. In my view, to schedule a hearing to be held 36 days after the limitation period expires, when that hearing normally should have been held before the end of the statutory time for prosecution, is not to schedule it within the "reasonable time" which the Court itself says is required. Nor can it be said under the circumstances here present that the petitioner waived the right to have the probable cause determination made promptly. Whatever the burden on a defendant may be under other circumstances to move to accelerate a date fixed by a Commissioner upon an *ex parte* application of the Government, it would be unjust to apply any waiver concept here. Until the holding today there was no authoritative construction that the statute, read in conjunction with the Federal Criminal Rules, entitles the charged defendant to a hearing after issuance of a summons. There is no basis, therefore, for concluding that petitioner, by being silent under these circumstances, knowingly and consciously waived his right to a speedy hearing and determination of whether probable cause existed.

I would conclude that a preliminary hearing, which was to determine whether probable cause existed, was not held within a "reasonable time" as Rule 5 requires, and that since the Government did not fulfill all the requirements of this Rule, the complaint did not serve to institute the proper pre-indictment criminal procedure. It therefore, in my view, was not the type of complaint that tolls the statute of limitations under Internal Revenue Code § 6531, and petitioner's prosecution should be barred.

### III.

While it is not necessary, under my view of this case, to determine whether the complaint showed probable cause, since the Court reaches that issue, I believe it appropriate to express my disagreement with its conclusion. If the Court means that the standard of probable cause required for the issuance of a summons directing the defendant to appear for a preliminary hearing is the same as the standard required for issuance of a search warrant or an arrest warrant, which will place the defendant under immediate physical restraint, the complaint before us fails to demonstrate probable cause, for it clearly fails to meet the standards laid down in *Giordenello* v. *United States,* 357 U. S. 480, and *Aguilar* v. *Texas,* 378 U. S. 108.

This Court in *Giordenello* held that a finding of "probable cause" must be made by a "neutral and detached" magistrate who "assess[es] *independently* the probability that . . . [an accused] committed the crime charged." *Giordenello* v. *United States, supra,* at 486–487. (Emphasis added.) The Court also stated,

> "The purpose of the complaint . . . is to enable the appropriate magistrate . . . to determine whether the 'probable cause' required to support a warrant exists. The Commissioner must judge for himself the persuasiveness of the facts relied on by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." *Id.,* at 486.

In order to make an independent determination that probable cause exists, the magistrate must be presented with more than the fact that the affiant or his sources are reliable and the affiant's conclusion that the accused is believed to have committed a crime. As we stated in

*Aguilar* v. *Texas, supra,* at 114, the magistrate or commissioner must also "be informed of some of the underlying circumstances" supporting the affiant's belief that the accused has committed a crime. This statement was recently reaffirmed in *United States* v. *Ventresca,* 380 U. S. 102, 108. To allow a magistrate to find probable cause when a reliable affiant does no more than swear, as the agent did here, that his investigations led him to conclude that petitioner understated his income, is to remove the function of making an independent determination of probable cause from the hands of the magistrate and to place it in the hands of the agent.

The affidavit presented by the revenue agent in this case does no more than list the agent's *sources* of information—examination of public and private records and interviews with third persons—and concludes that the petitioner understated his income. Without the slightest indication of what the agent's examinations and interviews revealed, it is impossible for a "neutral and detached magistrate" to determine for himself whether probable cause existed. The agent need not set out *all* the information obtained, but, as we held in *Aguilar, some* of the underlying facts must be indicated.

I cannot accept the Court's view that the nature of the offense charged in this case excuses the Government from setting out *any* of the facts underlying the conclusion that the petitioner understated his income. Surely, defendants in criminal tax cases—whether based upon a net worth theory or otherwise—are as entitled to a magistrate's independent determination of "probable cause" as any other defendants. Furthermore, I do not believe it impossible, or even very difficult, for the Government to give some indication of the type of information obtained through its perusal of petitioner's books and its interviews with third persons. But I do believe that it is impossible for a magistrate or commissioner to determine

whether probable cause exists without some indication of the facts which led the affiant to his conclusion.

It is as true of the complaint before us as of the affidavit in *Giordenello* that "it is difficult to understand how the Commissioner could be expected to assess independently the probability that petitioner committed the crime charged." 357 U. S., at 486–487. In my view, *Giordenello* and *Aguilar* require that the complaint not only state the ultimate conclusion that petitioner understated his income and set out the *sources* of information leading to that conclusion, but that it also set out some of the underlying facts upon which that conclusion is based. Since none of the underlying facts are set out in the complaint before us, I conclude that the probable cause standard of *Giordenello* and *Aguilar* is not met. For all the reasons stated, I would reverse the judgment of the Court of Appeals.