**UNITED STATES of America**

v.

**James Harold SMITH, Sr.**

**Nos. Cr–146–G–73 and Cr–167–G–73.**

United States District Court,
M. D. North Carolina,
Greensboro Division.

Dec. 13, 1973.

William L. Osteen, U. S. Atty., N. Carlton Tilley, Jr., Asst. U. S. Atty., Greensboro, N. C., for plaintiff.

Welch Jordan and William D. Caffrey, Jordan, Wright, Nichols, Caffrey & Hill, Greensboro, N. C., Boris Kostelanetz, New York City, for defendant.

MEMORANDUM ORDER

HIRAM H. WARD, District Judge.

Defendant James Harold Smith is charged in Cr–167–G–73, in a one count indictment, with attempting to evade and defeat the gift tax due to the United States in violation of 26 U.S.C. § 7201. Defendant is also charged in Cr–146–G–73, in a one count information, with failing to make a gift tax return in violation of 26 U.S.C. § 7203.

This matter comes before the Court on defendant's motion to dismiss, his motion for discovery and inspection and his motion for a bill of particulars.

These motions were filed in Cr–167–G–73 and incorporated in Cr–146–G–73. The motion to dismiss is only relevant to the felony charge. The motions for discovery and for a bill of particulars apply to both cases. The Court's ruling applies to those motions which are applicable to each case.

I.

*Motion to Dismiss*

Defendant contends that the prosecution in Cr–167–G–73 is time-barred because the indictment was returned more than six years after the offense. Defendant is charged with evading his alleged gift tax obligation as of April 15, 1967. The Court's records show that a complaint was served upon defendant on April 13, 1973, charging him with violation of 26 U.S.C. § 7201 on account of failure to pay the gift tax. An indictment was returned on this same matter on May 11, 1973, more than six years after the commission of the alleged offense.

Defendant contends that 26 U.S.C. § 6531 bars the instant prosecution. That statute provides for a statute of limitations of six years for offenses such as charged in the instant indictment. However, the statute also contains tolling provisions as follows: "Where a complaint is instituted before a commissioner of the United States within the period above limited, the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States." Defendant contends that the just mentioned tolling exception does not apply in this case because the matter has been under investigation by the government since 1970 and in the hands of the Department of Justice since November 21, 1972, and because a grand jury was available during the period immediately prior to April 15, 1973, when the complaint was issued. Defendant cites Jaben v. United States, 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965), for the proposition that the government cannot choose to take advan-

tage of the tolling exception to the statute of limitations when it has time to get an indictment within the statutory period.[1]

The Court's own reading of *Jaben* does not square with that analysis of the case. In *Jaben* the complaint was filed within the six-year period and the indictment issued subsequent to the running of the period. The Supreme Court held that the only test which the government must meet is that the complaint must make a showing of probable cause and satisfy Rules 3 and 4 of the Federal Rules of Criminal Procedure, and further that if the indictment does not supersede the complaint in time, and thus a preliminary hearing is held, then Rule 5 of the Federal Rules of Criminal Procedure must be met and probable cause must be found to exist. As the Court reads *Jaben*, the Supreme Court's concern was that the government should not use the complaint procedure to toll the statute of limitations while it was in the process of making its case. Thus, the Supreme Court stated:

> . . . The Government's interpretation does not reflect this statutory intention, for it provides no safeguard whatever to prevent the Government from filing a complaint at a time when it does not have its case made, and then using the nine-month period to make it. (381 U.S. at 220, 85 S.Ct. at 1368, 14 L.Ed.2d at 350).

However, it is permissible for the government to use the complaint method when it has sufficiently made out its case to meet the probable cause standards applicable thereto. If a grand jury would have actually been in session at the time the complaint was issued and had the grand jury time to consider the matter in order to return a true bill, then perhaps the defendant might argue that the government should be required

to secure an indictment, rather than have a complaint issued. *But see* Burger v. United States, 262 F.2d 946, 953 (8th Cir. 1959), where the indictment was returned during the tolling period "by the same grand jury which was in session at the time the complaint was filed." Nevertheless, when a grand jury is not in actual session, the government may proceed by using the tolling exception to the statute of limitations and have a complaint issued. In the latter case the government can be put to the test of whether or not it is using the tolling exception in order to gain time to make its case. This is done by testing the sufficiency of the complaint in order to ascertain whether it makes a showing of probable cause. Furthermore, the defendant can additionally put the government to its test by promptly moving for a preliminary hearing before that right is cut off by the return of an indictment. Jaben v. United States, *supra*, fn. 3, 381 U.S. at 221, 85 S.Ct. 1365, 14 L. Ed.2d at 351. There is no requirement that the government must call a special session of the grand jury merely because a grand jury is available.

The records of this Court reveal that the grand jury was in session on January 12, February 22, March 22, and May 11, 1973.[2] Consequently, no grand jury was in session when the complaint was issued. The indictment was returned at the next regular session of the grand jury after the issuance of the complaint. These facts bring this case within the tolling exception provided for in 26 U.S.C. § 6531. Aside from *Jaben*, the recent decisions from the Fifth Circuit also appear to reject defendant's contentions and support the validity of the present indictment. See United States v. Bland, 458 F.2d 1 (5th Cir. 1972); United States v. Grayson, 416 F.2d 1073, 1075 (5th Cir. 1969); and

---

1. Defendant admits that the United States Attorney first received the case from the Department of Justice on April 2, 1973.

2. In the Middle District of North Carolina, the Court sets the sessions of the grand jury six months in advance. In order for the government to call a special session of the grand jury, it would have to secure the Court's permission and find a time when a judge would be available to supervise the session.

675

cases cited therein, and see also Ashe v. United States, 288 F.2d 725, 731 (6th Cir. 1961).

## II.

### Motions for Discovery and for Bill of Particulars

Defendant has moved for discovery of all written and recorded or oral statements made by him or his agents to a government agent, or to a third party when such statements are in the government's possession. He also requests any recordings of defendant's conversations and equipment used to gather such, his agents' recorded grand jury testimony, and all documentary material taken from his files or from a third party's files which pertain to him. Finally he requests *Brady* exculpatory evidence. Defendant also moves for a bill of particulars seeking the manner in which the government computed the value of the gift and the tax, the manner in which the government will prove the willfulness of defendant's acts, and last, defendant seeks to discover the details of the particular factual matters of the government's evidence.

The government responds by stating that defense attorneys have on at least two occasions reviewed all statements by all witnesses and all records which the prosecution has, and were given an opportunity to copy said statements. The government has taken the position that it would not furnish copies of books, documents and materials because most of these were copies of original records maintained and kept by the defendant. The government also says that defendant may again review its entire file if he desires. During oral argument the United States Attorney stated that his file contained all of the government's evidence and that there were no electronic recordings. He also stated that most, if not all, of defendant's questions raised in the motion for a bill of particulars would be answered by a review of the government's file. Defendant could dis-

cover any *Brady* material by inspecting the file.

■ In light of the fact that the government has opened up its complete investigative file, discovery need not be granted, and this also negates the necessity for a bill of particulars. United States v. Schembari, 484 F.2d 931 (4th Cir. 1973); United States v. Quinn, 349 F.Supp. 232, 234 (E.D.Wis.1972); United States v. Alby, 349 F.Supp. 331, 332 (E.D.Wis.1972).

■■ In regard to defendant's discovery motion, it should also be pointed out that as to the Rule 16(b) material, defendant has made no showing of materiality or reasonableness. While Rule 16(a) does not contain the limitation of reasonableness, it certainly is an implied condition in regard to the manner in which the government must fulfill the Rule's requirements. While he candidly admits the opportunity to inspect, defendant claims that this is an inadequate substitute because he cannot copy or photograph. Defendant has not specified any particular hardship with the present arrangement of his right to inspection. He has been permitted to peruse the file at will. Rule 16(a) and (b) do not require that the government copy and photograph for the defendant. They merely give defendant the right to copy or photograph. The Court nowhere finds any assertion that the government has denied this right. To the contrary, the government must be commended for its attitude in permitting defendant such a wide latitude of discovery. The Court is not disposed to go further and make the government responsible for preparing defendant's case for him.

■ In regard to the bill of particulars, the Court has grave doubts that defendant's requests are proper. They appear to seek the particular factual details of the government's evidence. That aside, the Court finds that in the present case the defendant is sufficiently apprised of the nature of the case against him to be able to prepare his defense and to protect himself against an-

other prosecution for the same acts. Not only has the government opened its file to defendant, thus revealing all of the government's case, but also defendant has the benefit of the very particular allegations and information contained in the complaint which has now been superseded by the indictment. The complaint is much more detailed than the indictment and more than adequately informs defendant of the nature of the case against him. The specific allegations in this indictment can be distinguished from the vagaries which are inherent in an omitted income-net worth case where a bill of particulars might well be necessary. The information contained in the complaint and that obtainable because of the government's opening of its file certainly gives sufficient information to defendant for him to proceed in this particular matter. See United States v. Flanagan, 438 F.2d 1223 (5th Cir. 1971).

It is, therefore, ordered that defendant's motions in each case, as to each and every particular be, and the same hereby are, denied.