**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Richard M. TOWILL, Defendant-Appellee.**

**Nos. 76–1793, 76–2856.**

United States Court of Appeals,
Ninth Circuit.

Feb. 24, 1977.

Rehearing Denied March 24, 1977.

Felix A. Maciszewski, Honolulu, Hawaii, Neil F. Horton (argued), Johnston, Klein, Horton, Solomon & Baker, Oakland, Cal., for defendant-appellee.

Harold M. Fong, U. S. Atty., Honolulu, Hawaii, David H. Beitz (argued), Trial Atty., Tax Div., U. S. Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Before BROWNING, BARNES and TRASK, Circuit Judges.

## OPINION

BARNES, Senior Circuit Judge:

### THE CASE

These are consolidated appeals by the Government from orders of the United States District Court for the District of Hawaii dismissing on April 2, 1976, Count I of a two-count indictment brought on the ground that it was barred by the statute of limitations and dismissing with prejudice Count II of the indictment for failure of the Government to prosecute.

### JURISDICTION

Jurisdiction of this court to hear these appeals is based upon 18 U.S.C. § 3731, notices of appeal having been timely filed.

### STATEMENT OF FACTS

An indictment of December 18, 1975, charged Richard M. Towill, the defendant-appellee, with violating 26 U.S.C. § 7206(2) by assisting in the preparation of false corporate income tax returns for two separate years.[1] Count I charged that on or about

---

1. Each appeal contains its own clerk's record. "Vol. I C.T." references are to the clerk's record in 76–1793, involving the dismissal of Count I, and "Vol. II C.T." references are to the clerk's record in 76–2856, involving the dismissal of Count II. Comparable designations apply to the reporter's transcripts ("R.T.") of the proceedings; volume numbers are also indicated.

December 12, 1969, Towill had assisted in the preparation of a fraudulent return, and Count II charged that on or about December 21, 1970, he had helped prepare another fraudulent return. Normally, the six year statute of limitations for the offense charged in Count I would have run on December 12, 1975. 26 U.S.C. § 6531(3). Under § 6531, however, "[w]here a complaint is instituted before a commissioner of the United States within the [statute of limitations], the time shall be extended until the date which is 9 months after the date of the making of the complaint before the commissioner of the United States." On December 11, 1975, the date before the statute of limitations would have run, Special Agent Bigler of the Internal Revenue Service filed such a complaint, charging the offense subsequently set forth in Count I of the indictment. The complainant stated that as a result of an investigation of business transactions and associates connected with Towill, he had personal knowledge that Towill had wilfully and knowingly assisted in the preparation of a false return for the Towill Corporation; in that it claimed business deductions in salaries and wages, and compensation of officers in the sum of $569,907.00, knowing such deductions were substantially over-stated (26 U.S.C. § 7206(2)). On December 18, 1975, the indictment was returned.

In response to the defendant's motion to dismiss Count I on the ground that it was barred by the statute of limitations, the Government filed the affidavit of David Beitz, an attorney with the Department of Justice. Beitz stated the reasons why a grand jury did not return an indictment within the statute of limitations: (1) although the Tax Division of the Justice Department authorized prosecution of Towill on July 7, 1975, the United States Attorney requested additional consideration of this decision, and not until December 10, 1975, *after "additional consideration of the case"*, did the Tax Division give the final authorization to prosecute; (2) on December 10, 1975, Beitz learned that the grand jury was last in session on December 1, 1975, and that the next sessions were set for December 18 and 19; (3) the United States Attorney's office informed him that it would have been "highly impractical if not impossible to summon the grand jurors into session prior to December 12, 1975"; (4) therefore, the Government filed a complaint pursuant to § 6531 on December 11; (5) the Government did not use the time between December 11 and the return of the indictment on December 18 to prepare its case.

The court also received the testimony of Harold Fong, the United States Attorney for the District of Hawaii. Fong testified that the Clerk of the United States District Court required "at least a minimum of five days' written notice by our office before a grand jury can be summoned and called". Fong also stated that he had referred the case back to Washington for reconsideration on the merits of prosecution.

On April 2, 1976, the court entered a written order dismissing Count I of the indictment. The court stated that one limitation upon the use of § 6531 is that "the purpose of the statute is to afford the Government additional time to indict a defendant where no Grand Jury is in session at the end of the normal limitations period." (C.T. Vol. I at 115). Because the court did not accept the Government's reasons for the delay after the initial prosecution authorization, it concluded that the Government had ample time to present its case to one of the grand juries sitting between July 7 and December 12, and that its invocation of § 6531 was not within the statutory purpose of that section. As a second ground for dismissing the Count, the court found that the complaint failed to set forth sufficient facts to enable the United States Magistrate to determine whether probable cause existed for believing that Towill had committed the offense. *Id.* at 116. In support of its findings of law, the court relied upon *Jaben v. United States,* 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965).

On March 26, 1976, the court had announced its intention to dismiss Count I. The Government moved for a continuance of the trial of Count II pending appeal of

the dismissal of Count I, but on March 30, 1976, the court denied this motion. The court denied a second motion for a continuance on April 2, 1976, and directed that trial on Count II begin on April 27, 1976. On April 19, 1976, the Ninth Circuit Court of Appeals denied the Government's motion for a stay of proceedings pending its appeal from the dismissal of Count I (Exhibit C, Brief for Appellee in 76–2856).

On April 22, 1976, the Government filed a motion in the district court for a dismissal without prejudice of Count II of the indictment under the provisions of Rule 48(a) of the Federal Rules of Criminal Procedure. The court denied this motion. The Government then filed a notice of intention not to prosecute. The court warned that if the Government did not proceed to trial on April 27, it would grant a motion for dismissal with prejudice for failure to prosecute the case. On April 27, the court orally granted this motion. In its written statement of August 18, 1976, and amended statement of September 1, 1976, the court formally denied the Government's motion to dismiss without prejudice under Rule 48(a), and granted Towill's motion to dismiss Count II with prejudice under Rule 48(b).[2]

## ISSUES

(1) Did the district court err in dismissing Count I of the indictment?

 (a) Did the court err in concluding that the Government could not resort to the complaint procedure of § 6531?

 (b) Did the court err in concluding that the complaint did not show probable cause?

(2) Did the district court err in denying the Government's motion for dismissal of Count II without prejudice and in granting

Towill's motion for dismissal with prejudice?

### I

(1) Did the District Court Err in Concluding That The Complaint Provision of § 6531 Was Unavailable To The Government?

The district court's conclusion that the complaint procedure of § 6531 was unavailable to the Government appears based in part upon its finding that the Government could have convened a grand jury on December 10, 1975, to meet by December 12, 1975. In its findings of fact, the court stated that while the practice of the United States Attorney was to give the court clerk five days' notice before summoning a grand jury.

"No rule of court or statute requires such notice. The office of the clerk of the court for the District of Hawaii is in the same building as the office of the United States Attorney for the District of Hawaii." (C.T. Vol. I at 113).

This statement appears two paragraphs before the court's finding that "the Government had ample opportunity to present its case to the Grand Jury before December 12, 1975."

 To the extent that the court based its dismissal on this reasoning, its order is not supported by case law. *Jaben v. United States,* 381 U.S. 214, 85 S.Ct. 1365, 14 L.Ed.2d 345 (1965), held that because § 6531 is not intended to give the Government an automatic nine month extension to make its case, the provision is available only "in the event that a grand jury is not in session at the end of the normal limitation period . . . [and the Government] cannot obtain an indictment because of the grand jury schedule." (*id.,* pp. 219–220, 85 S.Ct. p.

---

2. Rule 48 of the Federal Rules of Criminal Procedure provides:

 "(a) By Attorney for Government. The Attorney General or the United States Attorney may by leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant.

 "(b) By Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

1368). The district court's opinion erroneously suggests that as long as a grand jury is empanelled, and regardless of its schedule, it is "in session" within the meaning of *Jaben*. A close reading of *Jaben* convinces us that the Court meant to equate "session" with the current "grand jury schedule", not with the theoretical possibility of summoning a grand jury on short notice. Justice Goldberg's separate opinion also indicates that the words "session" and "schedule" refer to the time when a grand jury is actually "sitting". *Id.* at 226, 85 S.Ct. 1365.

Two courts have explicitly rejected the idea that § 6531 is unavailable merely because a grand jury has been empanelled. In *United States v. Smith,* 371 F.Supp. 672 (M.D.N.C.1973), the factual situation was very similar to that in *Towill.* A grand jury existed, but it was not in session at the end of the limitations period. In allowing a § 6531 complaint, the court stated:

> "[W]hen a grand jury is not in actual session, the government may proceed by using the tolling exception to the statute of limitations and have a complaint issued. . . . There is no requirement that the government must call a special session of the grand jury merely because a grand jury is available." 371 F.Supp. at 674.

*See also United States v. Miller,* 491 F.2d 638, 644–45 (5th Cir.), *cert. denied,* 419 U.S. 970, 95 S.Ct. 236, 42 L.Ed.2d 186 (1974).

The district court based its conclusions about the unavailability of § 6531 primarily on its findings that the initial prosecution authorization occurred on July 7, 1975, that several grand juries sat from July 7 to December 10, 1975, and that the Government offered no convincing reasons for its failure to convene a grand jury. The Government argues persuasively that this conclusion rests on a clearly erroneous finding by the court: that the Government's case was ready for presentation to the jury prior to December 10, 1975, when the Department of Justice reaffirmed its decision to prosecute. (Brief for Appellant in 76–1793 at 24–27). Only if the facts showed delay by the Government in presenting its completed case before a grand jury would *Jaben* preclude resort to § 6531. *See Jaben, supra,* 381 U.S. at 219–20, 85 S.Ct. 1365.

██ Here, however, the district court had no reason to make this conclusion. Beitz and Fong testified that the case had been referred back to the Justice Department for reconsideration of the prosecution decision, and Beitz stated that, after "additional consideration", this decision was not reaffirmed until December 10, 1975. In the face of this sworn testimony, the district court's conclusion that between July 7 and December 10 neither "the Department of Justice nor any other investigative agency of the Government conducted any further inquiry or investigation into the fact of the case" is unwarranted. (C.T. Vol. I at 112). In the absence of some reasons why the court felt justified in making this finding, the determination is clearly erroneous and must be reversed on appeal. *Campbell v. United States,* 373 U.S. 487, 493, 83 S.Ct. 1356, 10 L.Ed.2d 501 (1963); *United States v. Page,* 302 F.2d 81, 85 (9th Cir.1962).

**(2) Did the District Court Err In Its Conclusion That The Complaint Did Not Establish Probable Cause?**

The district court also concluded that the complaint "failed to set forth sufficient facts to enable the United States Magistrate to determine whether probable cause existed." (C.T. Vol. I at 116). The court emphasized the insufficiency of mere allegations that the defendant had assisted in preparing a false return, and stressed the need for specific facts "from which the United States Magistrate could draw the inference that the defendant knew that the return in question was fraudulent and false as to a material matter." *Id.* Appellant argues that under *Jaben* this conclusion is impermissible.

*Jaben* held that a complaint seeking a time extension under § 6531 must show probable cause to believe that the defendant committed the offense alleged. 381 U.S. at 220, 85 S.Ct. 1365. The *Towill* complaint is very similar to the complaint found

sufficient in *Jaben,* and this court concludes that it established probable cause. Both complaints stated that a Special Agent of the Internal Revenue Service had conducted an investigation which included examinations of third parties doing business with the taxpayer and of records involving business transactions with the taxpayer, and that based on this investigation *the Agent had personal knowledge that the taxpayer filed a false and fraudulent income tax return.* The complaints differed in only one respect: the *Jaben* complaint listed both the claimed and actual liability of the taxpayer, but the *Towill* complaint listed only the claimed business deductions and compensation of officers. *Id.,* 381 U.S. at 221–22, 85 S.Ct. 1365 (C.T. Vol. I at 1–2).

■ *Jaben* indicated that several factors made the complaint sufficient: (1) It, unlike *Giordenello v. United States,* 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), identified the source of the incriminating information—the investigation *and* conclusions (not the mere conclusions) of a Special Agent. (2) The credibility of a government agent is strong and need not be supported in the complaint by lengthy corroborative evidence. (3) Tax evasion is proven, not by a few simple, easily identifiable facts, but by an elaborate process of shifting through records; this process cannot be presented in the complaint (at least not within feasible limits), and the Magistrate therefore is justified in relying upon the conclusions of the Agent as showing probable cause.[3] 381 U.S. at 222–25, 85 S.Ct. 1365. These factors are present in the *Towill* complaint and indicate its sufficiency. The failure of the Agent in *Towill* to enumerate the taxpayer's actual tax liability is not fatal and does not diminish the importance of these more important facts, which make the complaint sufficient. To that effect: *United States v. Miller, supra,* 491 F.2d 638 at 645–46 (5th Cir.1972).

**3.** The Supreme Court indicated that it disagreed with a decision of the Ninth Circuit, *United States v. Greenberg,* 320 F.2d 467 (9th Cir. 1963), which found that mere "conclusions not

## II

*Did the District Court Err In Dismissing With Prejudice Count II Of The Indictment? Should This Court Decide Whether There Was Error In Denying The Government's Motion To Dismiss Without Prejudice?*

■ Towill has moved "for an order dismissing the appeal from that portion of the order of the United States District Court denying the Government's motion to dismiss under Rule 48(a)" of the Federal Rules of Criminal Procedure. (Brief for Appellee in 76–2856 at p. 1). This motion was referred by our Chief Judge to this panel on January 3, 1977. Towill states that "[u]nder 18 U.S.C. § 3731, the Government's right of appeal is limited to a District Court's 'decision, judgment, or order . . . dismissing an indictment. . . .'" *Id.* at 32. We have concluded that it is not necessary for this court to determine this motion. We conclude the statute does not provide for appellate consideration of a district court's denial of a Government motion to dismiss an indictment. The Supreme Court has observed that "[t]his Court has always construed the Criminal Appeals Act narrowly, limiting it strictly 'to the instances specified.'" *United States v. Mersky,* 361 U.S. 431, 437, 80 S.Ct. 459, 463, 4 L.Ed.2d 423 (1960) (citation omitted). *Accord, United States v. Comiskey,* 460 F.2d 1293, 1298 (7th Cir.1972)—(The purpose of amended § 3731 also "is to provide the United States with the right of appeal when it falls within the narrow limits of the instances specified in the Act; the Act itself to be strictly construed."). Rather than address the Government's argument that the district court's denial of its Rule 48(a) motion should be reversed, this court will focus on the related issue of the district court's dismissal with prejudice of the Count II indictment under Rule 48(b), an order that clearly is appealable.

The Government argues that the two issues are inextricably linked, making it necessary for this court to consider them both.[4]

based on personal knowledge" did not establish probable cause. 381 U.S. at 216, 85 S.Ct. 1365.
**4.** Although the district court applied the same findings of law and fact to its consideration of

(Reply Brief for Appellant in 76–2856 at 6–7). We disagree.

Because the district court's denial of the Government's motion to dismiss without prejudice under Rule 48(a) is not appealable under 18 U.S.C. § 3731, this memorandum deals only with the Government's contention that the court erred in dismissing with prejudice the indictment under Rule 48(b). In pertinent part, this Rule provides:

"[I]f there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."

*United States v. Simmons,* 536 F.2d 827, 836 (9th Cir.), *cert. denied,* —— U.S. ——, 97 S.Ct. 148, 50 L.Ed.2d 130 (1976), outlined the standard for evaluating the propriety of a district court's dismissal with prejudice under this provision:

"[W]e hold that even though it is within the court's inherent power under rule 48(b) to dismiss a case with prejudice for want of prosecution, not arising from a Sixth Amendment violation, such power should be utilized with caution, and only after a forewarning to prosecutors of the consequences."

Because the United States Attorney had not been forewarned of the consequences of his failure to prosecute, the court in *Simmons* did not find it necessary to elaborate on the "caution" which a district judge must exercise. *Id.* at 837.

■■ In the present case, the district court clearly advised the Government that a failure to prosecute would result in dismissal with prejudice. This statement satisfied the "forewarning" requirement of the *Simmons* standard.

We concede that individually one or more of this panel might not feel that Count II should have been dismissed had they been deciding the issue. The court seemed to place weight on its earlier finding that the Government had not offered sufficient reasons for its failure to obtain an indictment until December 18, 1975. (C.T. Vol. II at 210). As the first part of this opinion indicates, this finding is erroneous.

The court criticized the Government's conduct, and refused to accept its explanation for asking for a dismissal without prejudice:

"The court finds that the underlying reason for the government's motions for a continuance was the government's belief that its chances of obtaining a conviction were better if both counts of the indictment were tried together. The court finds that the government's motion for a dismissal without prejudice was an attempt by the government to circumvent the court's prior orders denying the government's motions for a continuance, and the order of the United States Court of Appeals for the Ninth Circuit denying the government's motion for a stay of all proceedings with respect to Count II.

\*　\*　\*　\*　\*　\*

"Under the circumstances of this case, the government's determination to terminate its prosecution of Count II of the indictment without prejudice to a reindictment in the future constitutes an abuse of prosecutorial discretion and a flagrant refusal to abide by orders of this court relating to matters within the province of this court." (C.T. Vol. II at 211, 213).

---

both motions, it is possible to analyze the Rule 48(b) order apart from the Rule 48(a) order. Two Fifth Circuit decisions, *In re Washington,* 531 F.2d 1297 (5th Cir.1976), and *United States v. Cowan,* 524 F.2d 504 (5th Cir.1975), have considered Government appeals from a district court denial of a motion to dismiss. These cases are distinguishable from the present case, however. In *Washington,* the defendants joined the Government in its appeal. In *Cowan,* the dismissal issue was considered only

because of its unique relationship to an order appointing special prosecutors, which was appealable under 28 U.S.C. § 1291. In *United States v. Towill,* by contrast, the Rule 48(a) order is related to the Rule 48(b) order, but it did not predetermine the court's ruling on the latter motion. Having denied the Government's motion to dismiss, the court remained free to grant or deny Towill's motion to dismiss with prejudice. The first order did not lead inevitably to the second order.

While we are again unable to find any clear cut evidence convincingly supporting these conclusions, we concede that a trial judge in observing the conduct of the parties and their counsel has a better opportunity to determine the motives and intent of the individuals appearing before it; and to determine if either side seeks, by its maneuvering, to obtain an unfair advantage over the other. The Government stated that it wished to dismiss without prejudice "pending disposition of appellate proceedings, in the interest of judicial economy and for practical considerations in avoiding the duplication of efforts by prosecuting one charge at this time and a second, closely-related charge, at a later date." (C.T. Vol. II at 122–23). These reasons are credible, and the court could have concluded that the Government acted in good faith. *See United States v. Cowan, supra,* 524 F.2d at 514 (5th Cir.1975). The court apparently believed that the government maneuvering was a continuing effort to ignore prior court orders.

The court stated that dismissal without prejudice would deny Towill a prompt trial, and subject him to substantial prejudice and Government harassment. (C.T. Vol. II at 211–12). Once again, there is no clear-cut evidence for this conclusion. Prejudice and denial of the right to a speedy trial are established only by actual proof and careful consideration of several factors such as the length and effect of pre-trial delay. *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In the present case in the record before us the court did not reach these specifics. It merely assumed that a delay of several months pending a reindictment on Count II would be prejudicial. Such an assumption is not totally unwarranted. The court did rely on alleged harassment by the Government as well as a local procedural rule entitled "A Plan for the United States District Court for the District of Hawaii for Achieving Prompt Disposition of Criminal Cases", which states that the trial of a defendant shall commence within 180 days of his plea of not guilty. (C.T. Vol. II at 213–14, 216).

 Finally, the court stated that consideration of the public interest supported its decision. (C.T. Vol. II at 211–12). A mere generalized concern for the public interest is usually not sufficient to support a dismissal. *United States v. Olson,* 504 F.2d 1222, 1225 (9th Cir.1974); *Petition of United States,* 306 F.2d 737 (9th Cir.1962). Public interest concerns are valid only if they are backed by more specific findings of fact, which are lacking in the court's opinion in this matter.

However, even though we believe the dismissal with prejudice had here little foundation, we firmly believe the trial court is in a better position than an appellate court to determine the equities. Once the trial court warned the prosecutor of his position, the prosecutor had an option to comply, or run the risk involved. We cannot hold our distant viewpoint is better than that of the trial court.

We reverse the district court's orders dismissing Count I, affirm the dismissal as to Count II, and remand the matter for further proceedings below.