## STATE OF CONNECTICUT *v.* JULIA MACRI

APPELLATE SESSION OF THE SUPERIOR COURT

FILE NO. 354

Argued May 11—decided June 24, 1977

*John R. Williams,* for the appellant (defendant).

*Robert E. Beach, Jr.,* assistant state's attorney, for the appellee (state).

PARSKEY, J.  The limited issue presented by this appeal is whether an affidavit based on uncorroborated eyewitness information supplied by a citizen victim is constitutionally sufficient to support an arrest warrant.  On the basis of the affidavit in this case[1] we hold that it is constitutionally sufficient.

We begin our discussion by noting certain fundamental propositions.  First, the limited issue before the issuing magistrate is probable cause; *United States* v. *Ventresca,* 380 U.S. 102, 107; second, in dealing with probable cause we are concerned with those factual and practical considerations which motivate reasonable and prudent persons to act in the ordinary affairs of life; *Brinegar* v. *United States,* 338 U.S. 160, 175; third, affidavits for warrants should be interpreted in a commonsense manner; *United States* v. *Ventresca,* supra, 108; and fourth, the resolution of doubtful or marginal

---

[1] The affidavit reads:  "That I Off. Wayne C. Goff a regular member of the Meriden Police Dept. was assigned to investigate a complaint made by Vernon L. Halverson of 167 Columbus Avenue, Meriden, Connecticut that he was in bed on the night of January 25, 1975 at 11:00 P.M. when he heard rocks being thrown on the side of his home.  When he got up and looked out the window he saw his next door neighbor Julia Macri of 163 Columbus Avenue, Meriden, Connecticut throw a rock and . . . [break] his bedroom window.  In an interview . . . Vernon L. Halverson . . . stated that he was in bed on the night of January 25, 1975 at 11:00 P.M. when he heard rocks being thrown at the side of his home.  He then got out of bed and stood by his bedroom window and watched Julia Macri throw a rock through his bedroom window.  A statement of same was also obtained from Vernon L. Halverson."

cases should be determined for the most part by the preference to be accorded to warrants. *Jones* v. *United States,* 362 U.S. 257, 270.

The fourth amendment of the constitution of the United States requires that before a warrant may issue the judicial officer issuing the warrant must be supplied with sufficient information to support an independent judgment that probable cause exists for its issuance. *Whiteley* v. *Warden,* 401 U.S. 560, 564. When the affidavit attached to an application for a warrant is based on hearsay the issuing magistrate must be informed of (1) the basis of the informant's knowledge and (2) the reason for the affiant's conclusion that the informant or his information is reliable. *Aguilar* v. *Texas,* 378 U.S. 108, 114. The design of the two-pronged *Aguilar* test is to assure that probable cause for the issuance of the warrant will be determined by a neutral and detached magistrate and not by " 'the officer engaged in the often competitive enterprise of ferreting out crime.' *Johnson* v. *United States,* 333 U.S. 10, 14 (1948)." *Spinelli* v. *United States,* 393 U.S. 410, 415. It is undisputed that the basis of the informant's knowledge in this case was personal observation. The matter at issue, then, is the reliability of the informant or his information.

The reliability of the informant or his information may be determined in a variety of ways. If the informant is an anonymous tipster the affiant must assert either that he had previously supplied accurate information to law enforcement officers or that the affiant or other officers had corroborated the tipster's information. The unsupported assertion or belief of the investigating officer either in the tipster's reliability or in the reliability of his information will not suffice. *Jones* v. *United States,* 362 U.S. 257, 269. Where, however, the informant is a law enforcement official; *United States* v. *Ventresca,*

380 U.S. 102, 111; or a cooperative citizen; *Jaben* v. *United States,* 381 U.S. 214, 225; *State* v. *Mazzadra,* 28 Conn. Sup. 252, 261; or a victim; *United States ex rel. Cardaio* v. *Casscles,* 446 F.2d 632, 637; the courts have held that, if probable cause otherwise exists, the warrant may issue without evidence of previous reliability of the informant. In this case the informant was a victim. Because of the existence of additional factors, however, we are not required to decide the issue on this fact alone.

The factors in this case which meet the reliability test of *Aguilar* v. *Texas,* supra, are these: (1) the informant's name is given; (2) he is a private citizen; (3) his address is given; (4) he has asserted that he saw his next door neighbor, Julia Macri, the defendant, throw a rock through his bedroom window; (5) he gave a statement of the circumstances of the offense to the police; (6) the false reporting of an incident to a police officer is a criminal offense, General Statutes § 53a-180; (7) the victim's narration of the circumstances involved in the offense, as contained in the affidavit, is so detailed as to carry its own badge of reliability. *Spinelli* v. *United States,* 393 U.S. 410, 416. If these factors are taken into account, there was sufficient information to permit a neutral and detached magistrate to find probable cause for the issuance of the warrant authorizing the defendant's arrest.

There is no error.

In this opinion A. ARMENTANO and D. SHEA, Js., concurred.