**Commonwealth v. Hare**

*Robert W. Feeman, Assistant District Attorney,* for Commonwealth.

*Howard N. Stark,* for defendant.

GATES, *P.J.,* May 6, 1981—On December 16, 1980 Patrolman Charles R. Burkholtz, Jr. of the North Lebanon Township Police Department purchased two magazines and two rolls of movie film, which he believes are obscene, from defendant Rick Hare.

On December 17, 1980 Chief Julian Weiant of the North Lebanon Township Police Department filed a complaint charging defendant with having in his possession and intending to sell to a person over 17 years of age two magazines and two films in violation of section 5903 of the Crimes Code, 18 Pa.C.S.A. § 5903. The complaint has attached thereto an affidavit of probable cause, the substance of which is that both Officer Burkholtz and Chief Julian Weiant, the affiant, viewed the films and magazines together on December 17, 1980 which ". . . upon applying contemporary commu-

nity standards depict patently offensive representations and descriptions of ultimate sexual acts of a perverted nature and patently offensive representations of masturbation, excretory functions, lewd exhibition of genitals, the subject matter, the film 'Fill Me,' the film 'Ream Me,' the magazine 'Wet Dream,' and the magazine 'One on One' taken as a whole are without serious literary, artistic, political, educational or scientific value."

On instructions from the district attorney, the district justice did not see either the magazines or the films before she found probable cause and issued an arrest warrant.

The matter is presently before us on the omnibus pretrial motion of defendant to quash the information and arrest warrant and to discharge defendant.

Defendant complains that he was denied due process because the arrest warrant was improperly issued. Additionally, he challenges section 5903 of the Crimes Code, as amended by the Act of October 16, 1980, P.L. 978, effective December 16, 1980.

Our appellate courts and legislature are continuously engaging in a struggle to clearly define obscene materials, make the possession and sale of them illegal and provide a procedure for the prosecution of an offender, while jealously guarding First Amendment constitutional rights. The subject is, of course, a delicate one, but our approach to resolving the dispute should be no different than in any other matter. The case presents us with little difficulty because the issue is really not obscenity, but due process.

We start with the basic premise that a judicial officer must make a judicial determination that probable cause exists in order to prosecute and arrest an alleged defendant before he may accept and

file a criminal complaint and issue an arrest warrant. This is not new law nor is it unwise. With the landmark case of Wong Sun v. United States, 371 U.S. 471, 481-482 (1963), the United States Supreme Court articulated the rule as follows: "The arrest warrant procedure serves to insure that the deliberate, impartial judgment of a judicial officer will be interposed between the citizen and the police, to assess the weight and credibility of the information which the complaining officer adduces as probable cause."

This theme has been repeated time and again by our appellate courts. See Jaben v. United States, 381 U.S. 214 (1965); Marcus v. Search Warrant of Property at 104 East Tenth Street, Kansas City, Missouri, 367 U.S. 717 (1961); United States v. Peisner, 311 F. 2d 94 (4th Cir. 1962); Freedman v. Maryland, 380 U.S. 51 (1965); Smith v. Crumlish, 207 Pa. Superior Ct. 516, 218 A. 2d 596 (1966); Duggan v. 807 Liberty Avenue, Inc., 447 Pa. 281, 288 A. 2d 750 (1972); Com. v. Guild Theatre, Inc., 432 Pa. 378, 248 A. 2d 45 (1968).

In the instant case the exact opposite procedure was employed. The determination of whether the material was obscene was not made by a judicial officer but was made by two police officers who related their opinion to a district justice that the material was obscene. The district justice accepted and filed a complaint and issued the warrant but never saw the films which were available nor the magazines which also were available, having been purchased by Burkholtz the previous day.

In United States v. Peisner, supra, the Court of Appeals described the minimal requirements of due process as follows at 105:

". . . [A]s a minimal requirement, we deem it es-

sential that some qualified individual, aware of the proper test of obscenity as formulated and announced in Roth v. United States . . . should have made a determination prior to search and seizure that a particular publication meets that test. In order to make such a determination, one must have read the whole, or, at least, a very substantial portion of the suspected publication, not merely a few sentences, paragraphs or pages selected at random."

Most of the cases cited above involved search warrants. However, as in Wong Sun, supra, and Jaben v. United States, supra, the court pointed out that the same judicial scrutiny and supervision is required, whether the proposed action be the issuance of a search warrant, or the filing of a complaint, issuance of an arrest warrant and binding over for court. The complaint and the arrest warrant here involved were as firmly subject to constitutional due process requirements as the initiation of any other compulsory legal proceeding.

We must reject the Commonwealth's argument that if the district justice scrutinizes the alleged obscene publications as required by Marcus v. Property Search Warrant, supra, thereafter the district justice would be disqualified as being prejudiced. The argument is faulty for two reasons. In the first place, if the material is believed by the magistrate to be obscene before issuing the warrant, he or she would be intellectually dishonest, not disqualified, if she or he did not find the material obscene at the preliminary hearing. Secondly, the magistrate that issues the warrant is not necessarily the magistrate that conducts the preliminary

hearing. Perhaps, in the interest of protecting citizens, the second alternate might well be the better course to pursue since the material will have been scrutinized for obscene content by two independent judicial officers before the matter is returned to court.

The Commonwealth also argues that Pa.R.Crim.P. 119 requires that all evidence establishing probable cause must be included in the affidavit. Therefore, the magazines and the films would have to be attached to the probable cause affidavit. We think this is a narrow reading of the rule. Neither the rule, nor Com. v. Flowers, 245 Pa. Superior Ct. 198, 369 A. 2d 362 (1976), which spawned it, prevents the issuing authority from considering evidence outside the affidavit, if that evidence is the substance or an element of the crime. We believe that a certificate by the issuing authority that he or she read the particular magazines, observed the photographs and viewed the films in question would satisfy the rule and facially demonstrate the due process requirements articulated in Marcus v. Property Search Warrant, supra.

Likewise we reject defendant's argument that there must be an adversary hearing before the arrest warrants can issue. We allow that the expression "adversary hearings" does appear in many of the cases both decided by the United States Supreme Court and our own appellate courts, but always in the context of a search warrant application. But where, as here, the materials, which are the substance of the criminal offense, are already in the possession of the police, the judicial scrutiny that is required needs no adversary hearing. There is sufficient adverse interests between the role of

the district justice and the police to justify a judicial, ex parte determination of probable cause to issue a body warrant. A district justice, as one of the justices of the United States Supreme Court noted, is capable of knowing what is obscene and what is not, even if they cannot verbalize it.

Nor are we concerned with the "prior restraint" objection to First Amendment freedom of speech and expression cases. Here we have probable cause to believe that a sale was made and, had the issuing authority scrutinized the materials, that the matter sold was obscene. This is a matter post facto, not prior facto.

Having determined that the arrest warrant was issued without the required due process steps, it is unnecessary for us to cope with defendant's argument that the entire obscenity statute is unconstitutional. Judges are repeatedly cautioned by the appellate courts to refrain from unnecessarily deciding whether legislative acts offend the State or the United States Constitutions, unless absolutely required for a proper resolution of the case. Where, as here, it is apparent that the due process clause of the Fourteenth Amendment of the United States Constitution has been violated, the complaint will be dismissed and there is no necessity to venture into the heady world of constitutional obscenity.

## ORDER

And now, May 6, 1981, defendant's motion to quash the information and arrest warrant and discharge defendant is granted and defendant is discharged.