Meyer, J.
(dissenting). Respectfully I dissent for in my view the facts of the instant case do not establish the basis for knowledge required by either the Federal constitutional test declared in Spinelli v United States (393 US 410) or the State constitutional test enunciated by us in People v Elwell (50 NY2d 231).
The Spinelli informant stated that Spinelli was operating a handbook using two specified telephone numbers, but did not give the source of his knowledge. The FBI had followed Spinelli for five days and observed him enter the apartment in a building in which were installed two telephones bearing the particular numbers. Moreover, the warrant application stated that Spinelli was known to the FBI and local enforcement agents as a bookmaker and associate of bookmakers. The Supreme Court held there was no sufficient basis for a finding of probable cause stating (at p 416): “We are not told how the FBI’s source received his information — it is not alleged that the informant personally observed Spinelli at work or that he had ever placed a bet with him. Moreover, if the informant came by the information indirectly, he did not explain why his sources were reliable. Cf. Jaben v. *495 United States, 381 U. S. 214 (1965). In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused’s criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual’s general reputation.”
Here the informant gave detail which aside from the colored wrappings and use of newspaper could readily have been obtained from rumor or general reputation. That others at the social club were known drug dealers no more strengthens the informant’s basis of knowledge than did the fact that Spinelli was known to be, and to associate with, bookmakers strengthen the informant’s basis of knowledge in Spinelli’s case. In Spinelli the telephone numbers were confirmed before the warrant was sought; here warrantless arrest was made without confirmation of the colored wrappings or use of newspaper or of anything more than that, like Spinelli, Rodriguez was seen on one day to visit a particular apartment.
The order of the Appellate Division should be reversed, the motion to suppress should be granted and the indictment should be dismissed.
Chief Judge Cooke and Judges Gabrielli, Jones and Wachtler concur with Judge Jasen ; Judge Meyer dissents and votes to reverse in a separate opinion in which Judge Fuchsberg concurs.
Order affirmed.