### In the Matter of ELIOTA SIAUMAU

High Court of American Samoa
Trial Division

CR No. 59-89

July 20, 1989

Before KRUSE, Chief Justice.

Counsel: For Petitioner, Barry Rose, Assistant Public Defender

Eliota Siaumau petitions for a writ of habeas corpus.[1] He challenges the validity of the warrant for his arrest which was executed

---

[1] The Court notes that the Clerk has assigned a criminal docket number to this petition whereas a civil docket number may be more appropriate and less misleading. This Court has previously held that habeas corpus proceedings are not part of the underlying criminal case but a collateral and independent attack against confinement contrary to the constitution or fundamental law. The writ was not designed to address the merits of the underlying criminal charge nor may the writ proceedings be used as a substitute for an appeal to correct mere errors or irregularities in the criminal proceedings. *Suisala v. Moaali'itele*, 6 A.S.R.2d 15 (1987).

on or about July 14, 1989 and resulted in his being detained at the Tafuna Correctional Facilities. The said warrant was issued by the District Court in the pending matter *American Samoa Government v. Siaumau*, DCCR No. 111-89 (1989). Petitioner argues that his arrest was illegal because the sworn complaint upon which the warrant issued neither stated the essential facts constituting the offenses charged nor provided the source of information contained in the complaint.[2] He claims that "[t]he affidavit [or more precisely the sworn complaint] merely states a series of unattributed conclusions [on the part of the complainant] and even these conclusions fall far short of constituting the elements of the crimes charged." Petition for Writ of Habeas Corpus at 2. Our attention is further directed by petitioner to the provisions of A.S.C.A. § 46.0802[3] and the Supreme Court's decision in *Giordenello v. United States*, 357 U.S. 480 (1958). That case discusses the "probable cause" requirement of the Fourth Amendment which governs the issuance of warrants.[4]

The argument in essence is that the District Court Judge was not supplied sufficient information in the complaint whereby he could independently base a finding of probable cause. The Fourth Amendment and, we hold, its territorial counterpart — Art. I, § 5, Rev'd Const. Am. Samoa — require that before an extended deprivation of a defendant's

---

[2] The complaint states as follows:

> I, PSO M. TAVAI, am informed by my police investigation and interviews with victim Simeni Liu, eyewitness Va'aloa Liu and LBJ [Tropical Medical Center] Physician Dr. Fernandez, do believe and thereon allege:

> At about 2145 hours on July 12, 1989, in Vaitogi, American Samoa, the above named defendant used a .22 caliber pistol to shoot victim Liu Simeni in the left foot. The victim arrived at the hospital where a .22 caliber bullet was removed from his left foot and to [sic] victim was admitted to the surgical ward at the hospital.

[3] The enactment sets out in part: "(b) The affidavit must set forth the facts stated by the complainant tending to establish the commission of the offense and the guilt of the defendant. If necessary, such affidavit may be made upon the information and belief of the affiant, provided the facts and the source of the information are stated in the affidavit."

[4] Art. I, § 5, Rev'd Const. Am. Samoa, tracks the language of the Fourth Amendment to the United States Constitution. It states that no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the persons or things to be seized. This requirement applies to arrest as well to as search warrants. *Giordenello v. United States*, 357 U.S. at 485-86.

liberty occurs a finding of probable cause must be made by a neutral and detached magistrate, in territorial practice, the District Court Judge. *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). The judge may not rely on the prosecutor's decision to file a complaint upon affidavit as supplying the requisite probable cause. *Giordenello*, 357 U.S. at 486. Petitioner feels that the information supplied in the complaint in question was nothing more than conclusionary statements on the part of the complainant officer and that therefore the District Court Judge under those circumstances would not have had the opportunity to independently assess that information, or the reliability of its source, in order to judge for himself whether there was probable cause. These were essentially the circumstances with the warrant considered and held defective in *Giordenello*.

The circumstances here, however, are materially distinguishable from those in *Giordenello*. Rather, the complaint in question is not unlike that considered by the Court in *Jaben v. United States*, 381 U.S. 214 (1965). The Court there differentiated between two types of information in a complaint: (1) that information which, if true, would directly indicate commission of the crime charged, and (2) that which relates to the source of the directly incriminating information. *Id.* at 223. The Court noted that the *Giordenello* complaint gave no source of information whatsoever while its directly incriminating information consisted merely of an allegation in the words of the statute. *Id.* The information contained in the complaint considered in *Jaben* consisted of directly incriminating conclusions made by a Special Agent of the Internal Revenue Service that the taxpayer had violated the income tax laws. However, these conclusions were presented to the magistrate as being based upon the agent's personal investigation in his official capacity in the course of which he examined the taxpayer's relevant returns for certain years, interviewed third parties with whom the taxpayer did business and others having knowledge of taxpayer's financial condition, and consulted public and private records reflecting the taxpayer's income. In these circumstances, the Court was satisfied that "unlike narcotics informants, for example, whose credibility may often be suspect, the sources in this tax evasion case are much less likely to produce false or untrustworthy information." *Id.* at 224. The Court went on to state that a complaint must be able to

> provide the affiant's answer to the magistrate's hypothetical question, "What makes you think that the defendant committed the offense charged?" This does not reflect a requirement that the Commissioner ignore

13

the credibility of the complaining witness. There is a difference between disbelieving the affiant and requiring him to indicate some basis for his allegations. Obviously any reliance upon factual allegations necessarily entails some degree of reliance upon the credibility of the source. [Citation omitted.] Nor does it indicate that each factual allegation which the affiant puts forth must be independently documented, or that each and every fact which contributed to his conclusions be spelled out in the complaint. [Citation omitted.] It simply requires that enough information be presented to the Commissioner to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.

*Id.* at 224-25.

In the present matter, although the complaint's directly incriminating information appears to be factual allegations by the complainant officer, its informational data did not "merely" stop there. Like the magistrate in *Jaben*, the District Court Judge was also given sources of that directly incriminating information, to wit: the affiant deposed that he, in his official capacity, had personally conducted an investigation in the course of which he interviewed a named victim, a named eyewitness, as well as a named treating physician at the LBJ Tropical Medical Center. It may be said here with equal conviction that "unlike the narcotics informant, for example, . . . the sources in this . . . case are much less likely to produce a false or untrustworthy information." Bearing in mind that the District Court Judge is concerned with balancing probabilities, it would seem less than likely that a person who has been shot in the foot would have the tendency to lie about his assailant's identity. Further, could it not be said that the named eyewitness surely comes within the category of the honest citizen informant stepping forward to report criminal activity? Finally, the veracity and reliability of a doctor who tells an investigating officer that a certain patient has received a foot injury consistent with having being shot with a .22 caliber bullet can hardly be doubted.

Nor do we agree with petitioner that the facts set out "fall far short of constituting the elements of the crime charged." As the Supreme Court has said, some types of offenses are "subject to putative establishment by blunt and concise factual allegations, e.g., 'A saw

narcotics in *B*'s possession.'" *Id.* at 223. We have such a situation here. The complaint essentially alleges that "A shot B." Although more facts would have been helpful, when we give the allegations in the complaint their common sense meaning there is enough in this instance to support a probable cause determination on the crimes charged.

The Court concludes in these circumstances that there was adequate basis for the District Court Judge to independently make a probable cause finding based on what the deposing officer had heard from reliable and trustworthy sources, as well as from that which the officer observed during the course of his investigation.

We note, however, that Count II of the complaint could have been drafted with a little more attention to detail. The facts allege a shooting with a .22 caliber pistol, yet the charge also contains those portions of the enactment which refer to knives and black jacks. While the Court recognizes that the prosecuting attorneys are often under time constraints to prepare charging papers quickly, they will be well advised to show a little more concern with draftsmanship. The problem here with the complaint appears to be one of surplusage; however, hurried preparation may equally result in a defective charging paper. Petition denied.

It is so Ordered.