**CLD-001**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1961
_____

JOSEPH TAILLON,
                                        Appellant

v.

WARDEN MOSHANNON VALLEY
CORRECTIONAL CENTER

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. No. 3-14-cv-00176)
District Judge: Kim R. Gibson

_____

Submitted on a Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
and for Possible Dismissal under 28 U.S.C. § 1915(e)(2)
October 2, 2015

Before:  FISHER, JORDAN and VANASKIE, Circuit Judges

(Filed: October 8, 2015)
_____

OPINION*
_____


PER CURIAM

        Appellant Joseph Taillon appeals from an order of the District Court dismissing

his petition for writ of habeas corpus, 28 U.S.C. § 2241, for lack of subject-matter

jurisdiction.  For the reasons that follow, we will summarily affirm.

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Taillon, a federal prisoner, was charged along with other individuals in an Indictment filed in the United States District Court for the District of New Hampshire with racketeering, in violation of 18 U.S.C. § 1962(c); racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 371, 1343; and conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 371, 1341, see United States v. Taillon, D.C. Crim. No. 02-cr-00153.[1] On May 27, 2010, Taillon pleaded guilty to all four offenses. He was sentenced on October 7, 2010 to a term of imprisonment of 168 months. His projected release date is December 10, 2019.

In 2011, Taillon filed a motion to vacate sentence, 28 U.S.C. § 2255, raising claims of ineffective assistance of counsel and prosecutorial misconduct. The petition was denied on the merits by the sentencing court, and the Court of Appeals for the First Circuit denied Taillon a certificate of appealability thereafter.

Taillon, who is incarcerated in Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Western District of Pennsylvania, seeking immediate release on the ground that the sentencing court lacked subject-matter jurisdiction to convict him. Specifically, he alleged that no Complaint, made under oath before a magistrate judge and establishing probable cause, was ever filed in his case, as required by Fed. R. Crim. P. 3, and thus the warrant that was issued for his arrest was invalid under Fed. R. Crim. P. 4. In a response, the Government argued that the § 2241 petition should be dismissed because 28 U.S.C. § 2255 provides

---

[1] Taillon and his coconspirators, operators of a telemarketing scheme out of Canada, told their victims that they had won large Canadian sweepstakes or lottery prizes but that they had to send cashier's checks to post office boxes in Montreal to cover the expenses associated with delivering those prizes. Taillon was eventually arrested in France and extradited to the United States.

the presumptive means to challenge the validity of a conviction. The Magistrate Judge issued a Report and Recommendation, recommending that the § 2241 petition be dismissed for lack of subject-matter jurisdiction. After Taillon filed objections to the Report and Recommendation, the District Court adopted the Report and Recommendation and dismissed the petition in a judgment entered on February 10, 2015.

Taillon appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk granted him leave to appeal in forma pauperis and advised him that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. The Warden has filed a motion for summary action and Taillon has filed a response in opposition.

We will grant the Government's motion and summarily affirm the order of the District Court because no substantial question is presented by this appeal. Third Circuit LAR 27.4 and I.O.P. 10.6. The District Court properly dismissed Taillon's § 2241 petition because a motion filed under § 2255 in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of his conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). In certain limited circumstances, a petitioner may seek relief under § 2241 if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention, see In re: Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997), but § 2255 is not inadequate or ineffective simply because the sentencing court does not grant relief on the petitioner's § 2255 motion or because the petitioner is unable to meet the gatekeeping requirements, 8 U.S.C. § 2255(h), for a second § 2255 motion. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam). The "safety valve" applies only where the

3

petitioner has had no prior opportunity to challenge his conviction for actions deemed to be non-criminal by an intervening change in law.  Okereke, 307 F.3d at 120 (citing Dorsainvil, 119 F.3d at 251).  A § 2241 petition may not be used to litigate a claim, such as the one raised by Taillon, which could have been pursued on direct appeal.[2]

For the foregoing reasons, we will grant the Government's motion and summarily affirm the order of the District Court dismissing Taillon's § 2241 petition for lack of subject matter jurisdiction

---

[2] In any event, the claim is frivolous because "the grand jury supersedes the complaint process by returning an indictment."  Jaben v. United States, 381 U.S. 214, 220 (1965). See also Fed. R. Crim. P. 7.